IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ETSHO ILUNGA,

    Plaintiff,

vs. : CIVIL ACTION NO.: CV514-020

DR. SALEM SYED and D. RAY
JAMES CORRECTIONAL FACILITY,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at D. Ray James Correctional Facility in Folkston, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

AO 72A
(Rev. 8/82)

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he has health problems associated with a lung infection. Plaintiff contends that Defendant Syed, a doctor at D. Ray James Correctional Facility, has denied him proper medical care for his condition. Plaintiff states that Defendant Syed has committed medical malpractice.

The United States Supreme Court has held that a federal prisoner cannot bring a <u>Bivens</u> claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions.[1] <u>Minneci v. Pollard</u>, ___ U.S. ___, 132 S. Ct. 617 (Jan. 10, 2012). The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of

---

[1] It should be noted that in the Eleventh Circuit such a claim has been foreclosed since 2008. See <u>Alba v. Montford</u>, 517 F.3d 1249 (11th Cir. 2008) (declining to extend <u>Bivens</u> to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

2

protecting the constitutional interests at stake." Id. at ___, 132 S. Ct. at 623 (quoting Wilkie v. Robbins, 551 U.S. 537, 559 (2007) (declining to extend Bivens liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development).

D. Ray James Correctional Facility is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in Minneci and Alba, so long as Plaintiff has adequate state law remedies available to him, he may not maintain a cause of action pursuant to Bivens against The GEO Group, Inc., or its employees because The GEO Group, Inc., and its employees are private parties. Plaintiff may pursue damages claims against Defendants in state court.[2] Consequently, Plaintiff cannot bring a Bivens action against the named Defendants.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint should be **DISMISSED** for failure to state a claim upon which relief can be granted. Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 9th day of April, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court offers no opinion as to the efficacy of such a pursuit.

3